## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as § | |
| Subrogee of ALLEN LUND COMPANY § | |
| LLC          Plaintiff,        § | |
| § | |
| V.                             § | C.A. No._____ |
| § | |
| BALDEV TRANSPORT, INC.         § | |
|                    Defendant.  § | |

## COMPLAINT

Federal Insurance Company, as subrogee of Allen Lund Company, LLC. (hereafter collectively called "Lund"), Plaintiff herein, complains of Baldev Transport Inc. ("Baldev" or "Defendant") herein, and alleges upon information and belief as follows:

## I.
## PARTIES

1.  Plaintiff, Federal Insurance Company, ("Federal") is a Pennsylvania insurance corporation or similar entity, authorized to do business in Texas. Federal has paid the claim of Lund and is subrogated thereto.

2.  Allen Lund Company, LLC ("Lund"), Federal's subrogor, is a California corporation or similar entity, registered to do business in Texas, which was the shipper of 810 Dyson Vacuum cleaners (cargo/goods or vacuum cleaners) in question. Lund has authorized Federal to bring this action on its own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the cargo/goods in question.

3.  Defendant, Baldev Transport, Inc. (hereinafter "Baldev"), was and now is a California corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, and it does

not maintain a Texas designated agent on whom service may be made. Thus, Baldev may be served in care of its FMCSA registered agent for Texas service c/o All States Truck Permits, 128 East Fifth St., Hereford, TX 79045, or through the Texas Sec. State Long Arm jurisdiction service at its home office at 2185 West College Ave., Apt. 3070, San Bernardino, CA 92407 or 364 East B Stret, Ontario, CA 91764.

## II.
## JURISDICTION

4. Plaintiff bases the jurisdiction of this Court on Surface Transportation Board Jurisdiction, ICC Termination Act of 1995, 49 U.S.C. § 13501 and § 14706, et. seq., (also sometimes called "Carmack" hereafter), and the amount in controversy, which exceeds $10,000.00 per 810 Vacuum cleaners of freight carried, and the pendent jurisdiction of this court. Plaintiff also bases the jurisdiction of this Court on 28 USC Sec. 1337, being a matter of interstate commerce. Additionally, jurisdiction is also invoked under 28 USC Sec. 1331, Federal Question, and the pendent jurisdiction of this court.

## III.
## VENUE

5. Venue applies in the Southern District of Texas – Houston Division since the Southern District of Texas is a District through which Baldev operates, and the delivery of the cargo in question was destined to a location within the Southern District of Texas, Brookshire, Texas.

## IV.
## GENERAL

6. Whenever Plaintiff alleges that Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives, did such act or thing, and that at the time such act of thing was done with the full authorization or ratification of

Defendant, or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## V.
## SUMMARY OF FACTS

7.  On or about June 20, 2023, Lund arranged for Baldev to carry in interstate carriage 810 Dyson Vacuum Cleaners ("810 Vacuum cleaners", "Cargo" or "goods") from Dyson's premises in Surprise, Arizona to Costco in Brookshire, Texas. Baldev, acting as interstate carrier on the covering bill of lading, agreed to undertake carriage responsibilities by issuing a bill of lading for interstate carriage, and they agreed to safely deliver the 810 Vacuum cleaners to its specified destination in Texas. Baldev picked up the 810 Vacuum cleaners (in good order condition, sound in every respect), and Baldev departed Surprise, Arizona with the 810 Vacuum cleaners destined for Costco's location in Brookshire, Texas. Baldev was instructed by Lund to deliver the vacuum cleaners to Costco. During the carriage from Surprise, Arizona to Brookshire, Texas the 810 Vacuum cleaners were lost by Baldev as a result of the negligence of Baldev. The 810 Vacuum cleaners were not delivered to the destination in the same good order and condition as received, and Plaintiff claims that Baldev is, therefore, liable as an interstate carrier for monetary damages related to the loss of the 810 Vacuum cleaners.

8.  Lund, and or their underwriter's representatives, filed a timely claim with Baldev, which claims have not been paid though duly demanded, creating a need for this suit to recover for the loss of Plaintiff's 810 Vacuum cleaners during interstate carriage.

## VI.
## CARMACK CAUSE OF ACTION

9. On or before the June 20, 2023, carriage of the 810 Vacuum cleaners was arranged with Baldev, for carriage of the 810 Vacuum cleaners from Dyson's warehouse in Surprise, Arizona to Costco in Brookshire, Texas, where it was to be placed for sale to Costco's customers.

10. On or about June 20, 2023, Baldev picked up the 810 Vacuum cleaners for their interstate carriage from Surprise, Arizona to Brookshire, Texas, without making any exceptions for damage. At Surprise, Arizona, Defendant Baldev received, accepted, and agreed to transport the 810 Vacuum cleaners for certain consideration. A clean bill of lading was issued by Baldev on June 20, 2023, for the performance of that interstate carriage.

11. The 810 Vacuum cleaners were in good order and condition when presented to Baldev for carriage. The 810 Vacuum cleaners were properly packaged for the normal rigors of the intended carriage, and its preparation was suitable in every respect for the intended transit.

12. The 810 Vacuum cleaners were not delivered to their intended destination. The carrier, Baldev, did not deliver the 810 Vacuum cleaners from the interstate transit, and they were lost while they were in the care, control and custody of Defendant, Baldev. Therefore, since the 810 Vacuum cleaners were not delivered from the transit, Plaintiff claims damages for the value of the replacement of the 810 Vacuum cleaners from Defendants Baldev.

13. As interstate carriers, Baldev undertook carriage, interim storage, inspection, and/or handling responsibilities, (or carriage, interim storage, inspection and/or handling by others

of their own choosing) and agreed to redeliver the 810 Vacuum cleaners in good order and condition, as received, but Baldev failed to deliver them safely and in the same count as received.

14. Baldev embarked on the aforementioned interstate carriage from Surprise, Arizona to Brookshire, Texas, without making any exceptions on the interstate bills of lading for the 810 Vacuum cleaners at the time of loading.

15. The 810 Vacuum cleaners were not delivered to the planned destination in Brookshire, Texas, which resulted in monetary damage to the Plaintiff. Consequently, Baldev failed in their obligation to deliver the 810 Vacuum cleaners in its originally tendered condition, and thus breached their obligation as interstate carriers, and defendant Baldev incurred liability as a Carmack carrier.

16. The amount of the damages related to the loss of the 810 Vacuum cleaners, resultant from the non-delivery of the 810 Vacuum cleaners from their carriage to Brookshire, Texas, was $308,872.98. These damages are attributed to the loss of the 810 Vacuum cleaners during carriage, and said damages are the fair and reasonable replacement value of the 810 Vacuum cleaners in the marketplace at the time and represents the fair replacement costs for lost 810 Vacuum cleaners in question.

## VII.
## GENERAL CLAUSES FOR ALL COUNTS

17. Lund was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

18. Plaintiff has duly performed all duties and obligations on its part to be performed.

## VIII.
## AD DAMNUM CLAUSE FOR ALL COUNTS

19. The monetary loss incurred to Plaintiff as a result of the loss of the 810 Vacuum cleaners/in question, is $308,872.98, for which Plaintiff demands recovery from Defendant Baldev.

## IX.

20. As a direct result of the activities above, Plaintiff retained attorneys to present its claims to Defendant, and its claims have been presented to Defendant, Baldev. However, the claim has not been paid, although duly demanded. Plaintiff has performed all conditions precedent necessary to allow recovery.

## X.
## JURY DEMAND

21. Plaintiff requests trial by jury.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to Defendant Baldev, requiring them to appear, and upon trial that this Court award judgment to Plaintiff and against Defendant Baldev, including damages of $308,872.98, pre-judgment interest, post-judgment interest, costs of the court, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Dana K. Martin*
_____
DANA K. MARTIN
SD TX ID No. 126
Texas Bar No. 13057830
HANNAH E TAYLOR
Texas Bar No. 24130722
HILL RIVKINS LLP
1000 N. Post Oak, Ste. 220
Houston, Texas 77055
Telephone:    (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:     (713) 222-1359
E-mail: dmartin@hillrivkins.com
            htaylor@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF FEDERAL INSURANCE COMPANY, AS SUBROGEE OF ALLEN LUND CO. LLC.**